**RISSMILLER** PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Jazly Liriano**
jliriano@rissmiller.com

June 15, 2026

**BY ECF**

The Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: Remhof v. Chegg, Inc., No. 1:25-cv-07441-JMF

Dear Judge Furman:

  I represent Plaintiff Denise Remhof and write to request an informal conference under Your Honor's Individual Rule and Practice 3.D. Plaintiff seeks an order compelling Defendant Chegg, Inc. ("Chegg") to produce electronically stored information ("ESI") within one week. The parties met and conferred by telephone on May 5, 2026, and May 29, 2026, but Defendant still hasn't produced any ESI.

## I. Background

  Ms. Remhof, a former Staff Product Manager at Chegg, brings this action for disability discrimination and retaliation in violation of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law. She alleges that, after she was diagnosed with epilepsy in early 2024, disclosed her condition, and requested reasonable accommodations and medical leave, Chegg terminated her employment in November 2024 under the pretext of a reduction in force.

  Plaintiff served her discovery requests on December 30, 2025. The parties agreed to hold responses in abeyance pending a court-ordered mediation on February 26, 2026. Following the unsuccessful mediation, Plaintiff served her discovery responses and made her initial document production on March 30, 2026. She sent Chegg a proposed ESI protocol on April 9, 2026. Exhibit 1, at 12–15. Over two weeks later, on April 24, 2026, Defendant provided feedback to Plaintiff's proposed ESI protocol. Id., at 10–11. After Plaintiff agreed to multiple extensions, Chegg finally served its discovery responses on June 2, 2026. Id., at 2–3.

  The parties met and conferred telephonically on May 5, 2026, and again on May 29, 2026, regarding the ESI protocol and the timing of Chegg's production. During those conferences and in subsequent email correspondence, Chegg represented that it would produce its responsive ESI by June 12, 2026. Id., at 1–3. That date has passed, and Plaintiff has received no ESI production whatsoever.

**II.    Defendant Failed to Comply with its Discovery Obligations.**

Ms. Remhof's document requests have been outstanding for more than five months, and she is entitled to relief due to Defendant's failure to comply with its discovery obligations. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Chegg is required to respond to Plaintiff's discovery requests within 30 days. Plaintiff accommodated Chegg by agreeing to defer ESI production until after mediation, and was agreeable to multiple extensions thereafter. Despite two meet and confers and Chegg's own express commitment to produce ESI by June 12, 2026, Chegg has produced nothing. The continued delay prejudices Ms. Remhof's ability to develop the factual record and to take depositions before the close of fact discovery.

Plaintiff, therefore, respectfully requests that the Court (1) order Chegg to complete production of its responsive ESI within one week; (2) hold an informal conference to address Chegg's failure to produce ESI; and (3) grant any further relief the Court deems appropriate.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

/s/ Jazly Liriano
Jazly Liriano

cc:    Counsel of record (via ECF)

Defendant is hereby ORDERED to file a response, not to exceed three pages, **no later than June 18, 2026**.

SO ORDERED.

June 16, 2026